# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**STEVEN LAWRENCE SMITH**                       **CIVIL ACTION NO.**

**VERSUS**                                      **20-5-EWD**

**COMMISSIONER OF SOCIAL SECURITY**             **(CONSENT)**

## RULING AND ORDER

Before the Court is a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (the "Motion"),[1] filed by Steven Lawrence Smith. The Commissioner filed a Response.[2] As Plaintiff was the prevailing party in this case, the Commissioner does not object to the Motion, and the fees sought are reasonable, the Motion will be granted.[3]

## Background

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of his application for disability insurance benefits.[4]  Plaintiff filed a Memorandum in Support of Appeal on August 4, 2020.[5] The Commissioner filed an Answer on October 5, 2020.[6] That same date, the Commissioner filed an Unopposed Motion to Remand under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.[7]  This Court issued an Order and Final Judgment reversing and remanding the case to the Commissioner for further proceedings under

---

[1] R. Doc. 21.
[2] R. Doc. 18.
[3] All parties executed a Consent to Proceed Before a United States Magistrate Judge on March 29, 2016 (R. Doc. 10) and an Order of Reference from the District Judge was issued on March 30, 2016. (R. Doc. 11)   All proceedings in this matter are, therefore, to be handled by the undersigned.
[4] *See*, R. Doc. 1, ¶ 1; R. Doc. 14, pp. 1-2.
[5] R. Doc. 14.
[6] R. Doc. 17.
[7] R. Doc. 18.

the fourth sentence of 42 U.S.C. § 405(g).[8]  The Motion seeks a fee award under the EAJA of $3,562.50, plus a reimbursement of expenses of $17.25.[9]

The Commissioner does not dispute that Plaintiff was the prevailing party and is thus entitled to a fee award under the EAJA, nor does the Commissioner dispute that the number of hours of work performed (20.2 attorney hours and 7.1 paralegal hours) and the hourly rates sought ($150.00 and $75.00, respectively) are reasonable. Further, the Commissioner does not oppose Plaintiff's request for reimbursement of $17.25 in expenses. The Commissioner only notes in his Response that, while the Motion seeks to have the requested fee paid to Plaintiff's counsel, the Supreme Court has held that an EAJA fee award is payable directly to the prevailing litigant, rather than the litigant's attorney.[10]

## Law and Analysis

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States.[11]  Attorney fees shall be awarded to a prevailing party "unless the Court finds that the position of the United States was substantially justified or special circumstances make an award unjust."[12]  The Commissioner does not dispute that Plaintiff is the prevailing party and is, therefore, entitled to an award of fees and costs under the EAJA. The Commissioner also does not dispute either the number of hours for which Plaintiff is claiming compensation or the hourly rate sought.[13]

---

[8] R. Doc. 19.
[9] R. Doc. 21.
[10] R. Doc. 24, p. 1.
[11] 28 U.S.C. § 2412.
[12] 28 U.S.C. § 2412(d)(1)(A).
[13] This district has consistently exceeded the $125.00 cap in cases decided since 2014. *See, e.g., Porter v. Colvin*, No. 12-768, 2014 WL 6633086, at *1 (M.D. La. Nov. 21, 2014)(collecting cases holding that hourly rate of $150 was "consistent with the rate generally applied by this court" and noting cases indicating thirty to forty hours is the typical number of hours sought for EAJA fees); *Watkins v. Comm'r of Soc. Sec.*, No. 11-617, 2014 WL 129065, at *2 (M.D. La. Jan. 9, 2014) (same); *Crain v. Colvin*, No. 14-12, 2015 WL 7761326 at *2 (M.D. La. Dec. 2, 2015); *Williams v. Colvin*, No. 13-10, 2015 WL 1323347, *1 (M.D. La. March 24, 2015)(same); *Craig v. Colvin*, No. 15-583, 2016 WL

The Court has reviewed the time/cost accounting documents submitted in support of the Motion[14] and agrees that 20.2 hours of attorney time and 7.1 hours of paralegal time are reasonable amounts of time and $150.00 and $75.00, respectively, are reasonable hourly rates.  The EAJA fee and expenses are to be paid directly to Plaintiff,[15] but can be mailed to Plaintiff's counsel.

Accordingly,

**IT IS ORDERED** that the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412,[16] filed by Steven Lawrence Smith, is **GRANTED**.  The Commissioner shall remit to Plaintiff's counsel a check made payable to "Steven Lawrence Smith" for attorney fees and expenses in the amount of $3,579.75, which includes attorney fees of $3,562.50 (20.2 hours at $150.00 and 7.1 hours at $75.00), plus expenses of $17.25, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).  The check may be mailed to Plaintiff's counsel.  Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the Government.  The Commissioner will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth herein.

Signed in Baton Rouge, Louisiana, on April 13, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

4689044, at *2 (M.D. La. Sept. 6, 2016).  Most recently, this court has held that $175.00 per hour was a reasonable fee for attorney time, which includes a cost-of-living adjustment to the statutory cap of $125.00.  *See, Gann v. Colvin*, No. 14-189 (M.D. La. Jan. 27, 2017), R. Doc. 32, p. 5. Accordingly, the $150.00 per hour fee for attorney time sought in the Motion is reasonable.

[14] R. Docs. 21-2, 21-3, 21-4, & 21-5.
[15] *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010).
[16] R. Doc. 21.